AMELIA WARNER, Plaintiff, *v.* FRED E. WARNER, Defendant.

Supreme Court, Fulton County, November 14, 1935.

*Nathan M. Medwin,* for the plaintiff.

*Charles E. Hardies,* for the defendant.

LAWRENCE, J. This is a separation action. Motion is made for sequestration of property of defendant for failure to pay alimony. Because of the various proceedings in this action and another action between the same parties, a statement of the facts preceding this application may not be out of place.

In October, 1931, the defendant in this case brought an annulment action against this plaintiff, his wife. In that action Justice HEFFERNAN granted alimony to the wife. Upon the trial of that action the complaint was dismissed. Contempt proceedings were had for failure to pay alimony. After the trial of the annulment action the wife brought this separation action. Alimony was

granted in this action on January 9, 1933, by Justice HEFFERNAN, and a memorandum was written. This case came for trial before Justice BREWSTER in April, 1933, and is still undetermined. In May, 1933, motion was made before Justice BREWSTER for a new trial in the annulment action on grounds of newly-discovered evidence. That motion was granted, and upon the second trial of the annulment action the husband succeeded and interlocutory judgment was granted in October, 1934. The interlocutory judgment became final January 20, 1935. Appeal was taken from that judgment. In February, 1935, motion was made on behalf of the plaintiff here for a new trial of the annulment action, in which she was defendant, on the ground of newly-discovered evidence. That motion was granted July 30, 1935, and the order thereon was entered August 15, 1935. Appeal from that order for a new trial is pending.

In this application for sequestration defendant contends that the judgment in his favor in the annulment action disposed of the separation action, and he contends that he is not liable for alimony payments since the termination of that action. It would seem, however, that the granting of the new trial after the second trial of the annulment action vacated the judgment there. The final judgment there was January 20, 1935. The interlocutory judgment in that action did not finally determine the relationship between the parties. Their status might have been changed at any time during the three months thereafter, and in my judgment, alimony in the separation action should continue until the rendition of final judgment January 20, 1935.

If, on appeal from the order granting a new trial after the second trial of the annulment action, the order granting the new trial should be reversed, then the final judgment in the annulment action would remain and alimony from this date would cease. If the order for a new trial should be sustained, then alimony should continue until final determination. I, therefore, decline to pass on the question of alimony after January 20, 1935, without prejudice to renewing the application, if the circumstances should warrant it.

Counsel for defendant states that if payment of alimony is ordered, it will be paid without sequestration. The parties agree that the issues here are to be determined as a matter of law. This motion was heard at Schenectady October 2, 1935, and permission was given to submit memoranda. Defendant has not submitted any papers.

Order may be submitted for payment of alimony to January 20, 1935, and on failure to pay, such further order may be submitted as may be necessary to enforce payment.